Martha G. Bronitsky, #127583  
Chapter 13 Standing Trustee  
Sarah Velasco, #255873, Staff Attorney  
PO Box 5004  
Hayward, CA 94540  
(510) 266- 5580  
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

In re

**Nigel Courtney Jones**

Debtors

**Chapter 13 Case No. 25-41252-WJL13**

| Plan Objection Information |
|---|

Chapter 13 Trustee ("Trustee") Objects To: Chapter 13 Plan  
Filed: July 18, 2025  
Docket#: 2

| Motion To Dismiss Information |
|---|

☒ Trustee Seeks To Dismiss or Convert the Case

Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

(See II. Motion To Dismiss Below)

| Case Information |
|---|

Petition Filed: July 18, 2025         Attorney Name: SELWYN D WHITEHEAD ATTY

# I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

## (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☑ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: The Debtor has not provided 60 days worth of payment advices as required by Section 521 of the Bankruptcy Code. If the debtor does not receive payment advices then a statement outlining this must be provided. The Debtor must provide the Trustee with pproof of the pension/retirement income and complete the business exam. Schedule I line 8a requires a business/expense attachment; line 1 fails to disclose the employment status, occupation, employer namde and address and length of employment for the non-filing spouse & the source of the business income of $12,000 per the means test. Schedule J 16 the taxes should be removed and provided for in the business income/expenses attachment; 17c the taxes should be removed as they are being paid through the plan.

☑ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts: The attorney has elected to receive the presumed fixed fee however no Initial Fee Application has been filed. The monthly payment towards attorney's fees has been left blank. The fees of $13,900 exceeds the allowed amount for this case of $13,300. The attorney is entitled to $5,200 base fee + $3,000 for operating a business + $1,500 for a business closed within 6 months + $3,00 for real property with liens + $1,200 for tax claims + $900 for leases which equals $13,300. An Amended Fee Disclosure, Rights & Responsibilties and Plan must provide for reduced fees.

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☑ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Schedule J does not support the current plan payment. An Amended Schedule J must be filed. The plan does not fund. The payment must be $3,382 x 60 x 100%.

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☑ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts: Section 5 Class 2 as to Gary Tanaka is missing the start date of disbursements in a month/year format.

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts: Means Test Form 122-c-1 line 5 per In re Wiegand, 386 B.R. 238 (B.A.P. 9th Cir. 2008) requires that business expenses be listed on Form 122-c-2 line 43. Form 122 - c- 2 line 5 the number of people in the household is listed as 0 so no deductions are appropriate; 6 food and clothing left blank; 8 & 9 listed as $0 which is not possible; 9b the mortgage payment must match that on the plan - $3,395; 145 requires a declaration with evidence to prove that the deduction is reasonable and necessary; line 22 requires a declaration with evidence to prove that the expense is reasonable and necessary. Section 5 Class 14 requires a fixed percentage to the general unsecured creditors of 100%. The plan elects both none and percent dividend.

☑ (15(a)) Other:   The Plan Is Incomplete and Proposes Inappropriate Provisions

Facts: 2.1 the total payments should be $82,576.20.  The provision also says that the debtor will pay half of the payment and the non-filing spouse will pay the other half.  This is not a joint case.  Only the debtor may make payments.  This provision indicates that the plan is not feasible.  Sections 2.3 & 4 are left blank.  All sections must be completed even if it is to check the "None" box.

☐ (15(b)) Other:

Facts:

## (B) Local Rules and General Orders

☐ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

Facts:

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐ (18)  The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☐ (19) Other:

Facts:

## II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☑ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts: Schedule A/B 1.1 the Real Property should reflect the full value since the debtor owns the property with their spouse in a community property state; 3.1 & 3.2 fails to specify who has an interest in the vehicle; 19 fails to disclose interest in business Calabash Inc listed in the Statement of Affairs #27; 31 fails to disclose the company name of the whole life insurance policies. Schedule E/F 2.5 is missing the complete service address of the IRS; 4.3 is missing the complete creditor address for Dollar Leanring Foundation Inc; the schedule fails to list Aaron Turner dba Five Start General Contractor which is listed on the Matrix. Statement of Affairs 4 fails to disclose the gross income for 2025; 27 fails to disclose the business, name, address, nature of business and dates business existed - Kingston 11 Cuising LLC and Nigel Jones Restaurant Development Consultant

☐ (6) Other cause:

Facts:

### III. Trustee's Recommendation/Analysis

☑ The current plan is not confirmable and an amended plan will be required to be filed.  ☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☑ That the Debtor's case be dismissed or converted.

    Such other and further relief as the court deems proper.

Date: July 24, 2025                      /s/ Trustee Martha G. Bronitsky
Trustee Martha G. Bronitsky
Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 24, 2025                                      /s/ Olga Gonzalez
                                                         Olga Gonzalez

Nigel Courtney Jones                                     Selwyn D Whitehead Atty
2200 - 19Th Ave                                          4650 Scotia Ave
Oakland, CA 94606                                        Oakland, CA 94605

Debtor                                                   (Counsel for Debtor)